25 C.C.P.A. (Patents)

## In re MOONEY.

### Patent Appeal No. 3996.

Court of Customs and Patent Appeals.
June 6, 1938.

Warren J. Willis, of New York City (Eugene L. Greenewald, of New York City, of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the examiner rejecting, in view of the cited prior art, claims 1 to 4, inclusive, 10 to 14, inclusive, and claim 20 of appellant's application for patent. Certain claims were allowed.

Before us appellant has moved to dismiss the appeal as to claim 2, which motion will be granted.

Claims 1, 4, 10 and 11 are illustrative and read as follows:

"1. A chisel, drill, punch, or the like comprising a solid metal bar having a metal portion that is adapted to be subjected to impacts, and a metal band extending around and permanently secured to said portion to substantially prevent mutilation and mushrooming of said portions by such impacts.

"4. A tool having a hardened metal portion that is adapted to be subjected to impacts and a comparatively ductile metal band extending around and welded to said hardened portion, said hardened portion having a bare surface adapted to receive such impacts.

"10. A method of making a tool having a metal part subject to impact which comprises welding a band of ductile metal to and around the periphery of such part adjacent to the surface which is subjected to impact.

"11. A method of making a tool having a hardenable metal part subject to impact which comprises welding a band of ductile metal to and around the periphery of such part adjacent to the surface which is subjected to impact, and quenching such part immediately after such welding operation to harden said metal part."

The references cited are: Walton, 43,-357, June 28, 1864; Thacher, 691,418, January 21, 1902; McClintock, 790, 910, May 30, 1905; McLaughlin, 993,538, May 30, 1911.

The application relates to a tool and method of making the same. The tool has a shank with an impact receiving head and a point or blade. The impact receiving head has a protecting ring or band which is made of ductile metal welded to said head.

The patent to Walton relates to wooden piles used in constructing docks, etc. A metal ring is placed around the upper end of the pile to prevent its head from being broken by the ram.

The patent to Thacher relates to a composite pile, the upper portion consisting of concrete and the lower portion of wood. A metallic ring is placed around the concrete head of the pile to prevent the head from spreading when driven.

The patent to McClintock relates to a device for facilitating the driving of hollow piles or pipes, and discloses a hollow pipe having a strong iron band surrounding its upper head.

The patent to McLaughlin relates to a weldless pipe band and discloses a metal band adapted to be applied to the top of a wooden pile to prevent splitting of the head while the pile is being driven.

With respect to the grounds of rejection of the claims, the examiner in his statement said:

"The claims have been finally rejected on the ground that no inventive skill is required in permanently securing a metal band adjacent to and around the head of an impact receiving member, whether it be a tool or any article, to prevent the head from mushrooming or splitting. This idea is an old and well known expedient, and the references are cited as showing this. McClintock places a reinforcing ferrule 2 about the impact receiving head of the pipe 1 which is to be driven into the ground. In Walton a metal ring B is placed around the head of the wood pile 1 to prevent the head from being broken by the ram. The metal ring f is placed around the head of the concrete pile a to prevent this portion from spreading. And in McLaughlin a band 1 is used to protect the head of a pile from splitting and shat-

tering. In view of the teachings of these references it is held that no invention is required in permanently securing a metal band about the head of an impact tool to protect the same from mushrooming or splitting. Welding is a common method or way of securing two metals together, and recitation of a weld in claims 2, 4, 10, 11, 12, 13, and 20 is held to add nothing in a patentable sense to these claims. The limitation in claims 4, 10 and 20 of the band being made of ductile metal, adds nothing patentable since all metals are ductile to a certain extent. It is again repeated that these claims do not state the metal of the band is more ductile than the metal of the tool head. * * *"

The Board of Appeals in its decision stated:

"The nature of appellant's improvement has been so fully discussed in his brief that we shall not encumber the record with any repetition of this matter.

"We are satisfied that he has made a worthy contribution to the art but we are of the view that the examiner has granted him adequate protection.

"Near the bottom of page 3 of the examiner's statement he says:

" 'No one of these claims states, however, that the metal of the band is more ductile or softer than the metal of the tool body.'

"It is true that certain claims, such as claim 4, are almost limited in this manner, but not definitely so. Allowed claim 18 is one example of a claim clearly containing such a limitation. We believe that this is an essential feature of appellant's invention.

"As to the broader claims, we are fully in accord with the examiner that there is no invention, in view of the state of the art, in applying a ferrule, either ductile or otherwise, to prevent mushrooming where there is no specific limitation to materials peculiarly adapted to produce appellant's unusual result."

Claims 4 and 11 each contain the element of a tool having a hardened head. Claim 4, in addition, contains the element of a "comparatively ductile metal band extending around and welded to said hardened portion," and claim 11 contains the element of "welding a band of ductile metal" to such hardened head.

■ Giving the claims 4 and 11 a broad interpretation, we think they are clearly allowable. As we construe them, the metal band welded to the head of the tool is more ductile than such head. The Board of Appeals held that this limitation did not clearly appear in certain claims, such as claim 4, but we are of the opinion that the limitation that the metal band is of softer metal than the head portion of the tool fairly appears in claims 4 and 11.

■ With regard to the other claims, they may lack patentability, but, as we view it, they are not unpatentable upon the ground set forth by the examiner and the Board of Appeals.

The examiner held that, in view of the teachings of the references, no invention is involved in securing a metal band about the head of an impact tool "to protect the same from mushrooming or splitting." The Board of Appeals was of the same opinion.

We do not think the references are important in determining the allowability of the claims. They all relate either to wooden or concrete piles or hollow pipes or piles of metal, to be driven into the ground. This is an art remote from that of making tools, and we do not think that it would occur to a skilled tool-maker, after examining the cited references, that the idea of the metal bands there disclosed could be utilized in the making of tools.

The Solicitor for the Patent Office argues with much force that, if the metal band referred to in the claims is not of softer metal than the head of the tool, no useful result is obtained by the use of such metal band. In his brief the Solicitor states:

"However, as to the structure of the appealed claims which, as the examiner and Board pointed out, are broad enough to include the use of practically any metal band on the head of the tool, it may be inquired what new and useful result is obtained if such band is harder than the head of the tool. In view of the facts set forth in appellant's specification, it is at once obvious that the head of such a tool is even more apt to chip because of the hard band than the tool would be without any such band at all. Therefore, the use of that kind of a band makes even a worse tool than the tool without the band. And yet the appealed claims are broad enough to cover such a band and appellant by presenting them is urging that there is invention therein.

"Likewise, assume the case where the protecting band is made of the same material as the impact receiving head. Here again, in the light of appellant's teachings in his specification, there is no new and useful result over the same structure without any band.

"The same considerations are applicable where the band and the tool head are of the same material even though the ring is welded to the head because a welded ring of the same material merely makes a tool head which would differ from the old tool head merely in being made in two pieces put together by welding instead of in a single piece."

Had the Board of Appeals assigned as a ground of rejection lack of utility of a metal band having the same degree of hardness as the head of the tool, over a tool simply having an enlarged head, we might be inclined to affirm such ground of rejection for the reasons stated by the Solicitor, but no such ground of rejection is before us. It was apparently assumed by the Patent Office tribunals that even a metal band having the same degree of hardness as the head of the tool would to some degree at least protect the head of the tool against mushrooming upon impact. All of the claims were rejected upon the ground that, in view of the cited prior art, no invention would be involved in welding a metal band to the head of a tool unless the band is of softer metal than the head.

We are not at liberty to affirm the decision of the Board of Appeals upon the ground urged by the Solicitor, above quoted, for such ground of rejection was not relied upon either by the examiner or the Board of Appeals. In re Tucker and Reeves, 54 F.2d 815, 19 C.C.P.A., Patents, 810.

Inasmuch as we do not think that the references prevent the allowance of the involved claims, for the reason hereinbefore stated, we must find upon the record before us that the decision of the board should be reversed as to claims 1, 3, 10, 12, 13, 14, and 20, as well as claims 4 and 11. If a patent is issued to appellant, and if he can demonstrate that welding a metal band to the head of the tool (the band and head having the same degree of hardness) will prevent or minimize mushrooming of the head of the tool, the broad claims here involved may be held to involve invention.

Pursuant to the motion of appellant, the appeal as to claim 2 is dismissed; as to all of the other claims before us, the decision of the Board of Appeals is reversed.

Reversed.